United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 14-11981-mdc
Denise Lorraine West                                           Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Randi          Page 1 of 1           Date Rcvd: Jun 09, 2017
                           Form ID: pdf900       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 11, 2017.
db             +Denise Lorraine West,    122 Elm Ave,    Ardmore, PA 19003-2144

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 11, 2017                          Signature:   /s/Joseph Speetjens


---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 9, 2017 at the address(es) listed below:
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    Ditech Financial LLC bnicholas@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          CELINE P. DERRKRIKORIAN    on behalf of Creditor    EverBank ecfmail@mwc-law.com
          CELINE P. DERRKRIKORIAN    on behalf of Creditor    Green Tree Servicing LLC ecfmail@mwc-law.com
          CELINE P. DERRKRIKORIAN    on behalf of Creditor    Ditech Financial LLC ecfmail@mwc-law.com
          GEORGETTE  MILLER    on behalf of Debtor Denise Lorraine West info@georgettemillerlaw.com,
           georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemille
           rlaw.com;r50524@notify.bestcase.com
          PETER J. ASHCROFT    on behalf of Creditor    Ditech Financial LLC pashcroft@bernsteinlaw.com,
           pghecf@bernsteinlaw.com;pashcroft@ecf.courtdrive.com;ckutch@ecf.courtdrive.com;cabbott@ecf.courtd
           rive.com
          THOMAS I. PULEO    on behalf of Creditor    Ditech Financial LLC tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@phl3trustee.com,   philaecf@gmail.com
                                                                              TOTAL: 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Denise Lorraine West <br>  Debtor | CHAPTER 13 |
| Ditech Financial LLC <br>  Movant <br> vs. | NO. 14-11981 MDC |
| Denise Lorraine West <br>  Debtor | |
| William C. Miller Esq. <br>  Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.     The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,164.50**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 1, 2017 to May 1, 2017 in the amount of $805.61/mo. |
| Suspense Balance: | $446.72 |
| **Total Post-Petition Arrears** | **$1,164.50** |

2.     The Debtor shall cure said arrearages in the following manner:

a).  Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$1,164.50.**

b).  Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$1,164.50** along with the pre-petition arrears;

c).  The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.     Beginning with the payment due June 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $805.61 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.     Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    May 8, 2017                        By: /s/ Thomas I. Puleo, Esquire
                                            Thomas I. Puleo, Esquire
                                            KML Law Group, P.C.
                                            701 Market Street, Suite 5000
                                            Philadelphia, PA 19106-1532
                                            (215) 627-1322; FAX (215) 627-7734

Date:_____

                                            Georgette Miller, Esquire
                                            Attorney for Debtor

Date: 5/25/17

                                            William C. Miller
                                            Chapter 13 Trustee        *without prejudice to any
                                                                      trustee rights or remedies

Approved by the Court this _9th_ day of _____June_____, 2017. However, the court retains discretion regarding entry of any further order.

                                            Bankruptcy Judge
                                            Magdeline D. Coleman