## NITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Denise Lorraine West, | : | |
| Debtor. | : | Bankruptcy No. 14-11981-MDC |

# O R D E R

**AND NOW**, pursuant to the Supplemental Application for Compensation and Reimbursement of Expenses (the "Supplemental Application")[1] filed by the Law Offices of Georgette Miller (the "Applicant"), counsel to Denise Lorraine West (the "Debtor"), the Applicant requests the allowance of compensation in the amount of $6,850.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Applicant filed a certification that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, the Applicant was previously paid $250.00 by the Debtor (the "Pre-Paid Amount").

**AND**, on June 2, 2015, this Court entered an Order[2] approving Applicant's initial Application for Compensation and Reimbursement of Expenses,[3] which requested payment in the amount of $3,250.00, of which $3,000.00 was to be paid under the plan.

**AND**, this Court entered an Order dated November 30, 2017 (the "Modification Order"),[4] granting the Debtor's Motion to Modify Plan dated August 2, 2017, for a modified plan filed on October 2, 2017 (the "Plan").[5]

---

[1] Bankr. Docket No. 94.

[2] Bankr. Docket No. 39.

[3] Bankr. Docket No. 36.

[4] Bankr. Docket No. 105.

[5] Bankr. Docket No. 101.

**AND**, the Plan provided for Administrative Expenses detailed as: "(2) Attorney's Fee (unpaid portion): $3,000.00 to be paid through plan in monthly payments; (3) Supplemental Fee (unpaid portion): $3,300 to be paid through plan."  Plan, ¶4A.

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order.  *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

It is hereby **ORDERED** that:

1.      The Application is **GRANTED IN PART** and **DENIED IN PART**.

2.      Consistent with the Modification Order, compensation is allowed in favor of the Applicant in the total amount of $6,550.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses").  *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3.      The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated:  December 6, 2017

*Magdeline D. Coleman*
_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Georgette Miller, Esquire
Law Office of Georgette Miller Esq. PC
335 Evesham Avenue
Lawnside, NJ 08045

2

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107